IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AGRON HASBAJRAMI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:22-cv-166 |
| v. ) | |
| ) | |
| **LT. BLANKENSHIP,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM ORDER

In this *pro se* civil action, Plaintiff Agron Hasbajrami, an inmate at the Federal Correctional Institution at McKean, has sued Lieutenant Blankenship for alleged violations of his rights under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §2000bb, et seq. ("RFRA"). ECF No. 6. The gravamen of his complaint is that Lt. Blankenship forbade him from wearing hemmed sweatpants in contravention of his religious beliefs as a Muslim. The Defendant has moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 11.

The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72. On July 26, 2023, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he concluded that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief could be granted. ECF No. 18. Judge Lanzillo reasoned that the conduct of Lt. Blankenship, as alleged in the complaint, did not constitute a substantial burden on Plaintiff's rights to exercise his religious beliefs. *Id*. at 5-11. Alternatively, Judge Lanzillo concluded that Lt. Blankenship was entitled to qualified immunity. *Id*. at 11-13. Judge Lanzillo

1

also determined that, to the extent Plaintiff was asserting a retaliation claim against Lt. Blankenship, the claim was deficient because Plaintiff had not pled conduct that could plausibly constitute "adverse action" in response to protected activity. *Id*. at 14-15. Finally, Judge Lanzillo recommended that Plaintiff's claims be dismissed with prejudice because the defects in his pleading could not be cured through further amendment. *Id*. at 15-16.

On August 18, 2023, the Court received Plaintiff's objections to the R&R. ECF No. 19.[1] Therein, Plaintiff insists that the government failed to state any compelling interest for prohibiting him from wearing hemmed sweatpants. As Plaintiff appears to recognize, however, the government need only demonstrate a compelling governmental interest if it "substantially burdens" a person's exercise of religion in the first place. *See* ECF No. 19 at 1 (citing 42 U.S.C.A. §2000bb-1). Here, the Magistrate Judge explained that Lt. Blankenship's conduct did not impose a "substantial burden"; thus, the government was under no obligation to demonstrate either a compelling governmental interest or that it had imposed the lease restrictive means of furthering that interest. *See* 42 U.S.C. §2000bb-1(b). In his objections, Plaintiff disputes the conclusion that his religious rights were not substantially burdened; moreover, he disputes the Magistrate Judge's conclusion that qualified immunity applies in this case. However, Plaintiff has not cited any persuasive legal authority to support his objections, nor has he otherwise demonstrated error in the Magistrate Judge's analysis.

Accordingly, after *de novo* review of the documents in the case, including the complaint, Defendant's motion, all filings related to the Defendant's motion, the Magistrate Judge's R&R, and the Plaintiff's objections thereto,

---

[1] A duplicate copy of Plaintiff's objections was also docketed on August 22, 2023. ECF No. 20.

IT IS ORDERED, this 23rd day of August, 2023, that the Defendant's motion to dismiss the complaint, ECF No. [11], is GRANTED.  Accordingly, Plaintiff's complaint shall be, and hereby is, DISMISSED with prejudice and without leave for further amendment.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief United States Magistrate Judge Richard Lanzillo on July 26, 2023, ECF No. [18], is hereby adopted as the opinion of this Court.  Plaintiff's objections to the Report and Recommendation are OVERRULED.

As there are no additional matters pending before the Court in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge